IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY BISSERUP,

        Plaintiff,                   No. 2:10-1259 KJN P

   vs.

ARNOLD SCHWARZENEGGER, et al.,

        Defendants.             ORDER

_____/

       Plaintiff, a state prisoner proceeding without counsel, has filed a civil rights action pursuant to 42 U.S.C. § 1983, together with a request to proceed in forma pauperis. In light of 1996 amendments to 28 U.S.C. § 1915, this court will not rule on plaintiff's request to proceed in forma pauperis.

       The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

////

1    Venue of this action is technically appropriate in the Eastern District of California
2 because defendant Governor Schwarzenegger and defendant Cate, the Director of the California
3 Department of Corrections and Rehabilitation (hereafter "CDCR Director") reside in this district.
4 Nevertheless, the court is transferring this action to the Central District of California pursuant to
5 28 U.S.C. § 1404(a) in the interests of justice for the following reasons.
6    The complaint contains no allegations against defendant Schwarzenegger nor
7 defendant Cate. To the extent they are named as defendants, it is clear that plaintiff is suing them
8 in a respondeat superior capacity. Additionally, plaintiff is seeking monetary damages only and
9 has not stated a claim for injunctive relief. As such, the CDCR Director and the Governor are
10 subject to be dismissed from this 42 U.S.C. § 1983 action. Fayle v. Stapley, 607 F.2d 858, 862
11 (9th Cir. 1979). Venue would then be improper in this district because no defendant would be
12 found here. Venue would also be improper because the claims for which plaintiff seeks relief
13 took place in the Central District. Thus, it is appropriate that those claims be litigated in that
14 district.
15    IT IS THEREFORE ORDERED that:
16    1. This court has not ruled on plaintiff's request to proceed in forma pauperis; and
17    2. This action is transferred to the Central District of California.
18 DATED: June 1, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

26 biss1259.tra